**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARTURO ESPINOZA-RAMIREZ,

    Defendant - Appellant.

No. 98-4137

(D.C. No. 97-CR-435-K)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Arturo Espinoza-Ramirez appeals his sentence, objecting to the district court's refusal to depart downward under the United States Sentencing Guidelines. At issue is whether we have jurisdiction to review

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his appeal.

Defendant pleaded guilty to aggravated reentry into the United States as a deported alien in violation of 8 U.S.C. § 1326. Before sentencing, Defendant filed a motion for a downward departure under U.S.S.G. § 5K2.0, arguing that his family ties, cultural assimilation, and need for medical treatment in this country combined to remove his case from the heartland of illegal reentry cases and warranted a downward departure. The district court denied the motion and sentenced Defendant at the low end of the guideline range to seventy-seven months' imprisonment and three years' supervised release.

Because Defendant's counsel believes that this court has no jurisdiction to review a trial court's refusal to depart downward from the sentencing guidelines, he filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he set forth Defendant's argument and moved to withdraw from representing Defendant. Defendant has not filed a separate brief or statement of the issues on appeal. The Government argues that Defendant's claim on appeal is not reviewable because the district court recognized its discretion to depart but refused to do so.

In United States v. Castillo, 140 F.3d 874, 887-88 (10th Cir. 1998), this court clarified when it has jurisdiction to review a sentencing court's refusal to depart downward from the sentencing guidelines. Castillo clearly held that a

defendant has no right to appeal a court's refusal to depart downward except "where the sentencing court concludes that an entire class of circumstances never constitutes the basis for a downward departure." Id. at 888. In other words, we have jurisdiction to review a refusal to depart downward only if the sentencing court believed that it had no discretion to depart downward based on the class of factors proffered by the defendant.

Having reviewed the law and both parties' arguments, including the Government's concession that the court had the authority to depart, the district court stated that it was "unconvinced that either the medical request, the support request, the cultural assimilation request or the combination of those requests meets the requirements for a downward departure in this instance." R., Vol. II at 10. From this language, we conclude that the district court understood that it had the discretion to depart downward but found that the facts of this case were not sufficient to justify a departure.

Accordingly, because the sentence imposed is properly within the guideline range, see Castillo, 140 F.3d at 888, we **GRANT** defense counsel's motion to withdraw and **DISMISS** the appeal for lack of jurisdiction.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-